IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MARY HALEY and MICHAEL HALEY,
LESLIE BANKS and JAMES HAL BANKS,
ANNIE BUINEWICZ and BRIAN BUINEWICZ,
TERRANCE McIVER AND JEAN ANN McIVER,
SUSAN SENYK, GARY SAMUELS,
MATTHEW DELLER and MARIE LOHR
on behalf of themselves and all others similarly situated,

                                                  OPINION AND ORDER

                Plaintiff,

                                                  14-cv-99-bbc

    v.

KOLBE & KOLBE MILLWORK CO., INC.,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

This is a proposed class action in which the plaintiffs allege that the windows they purchased from defendant Kolbe & Kolbe Millwork Co. are defective. Plaintiffs assert claims for breach of contract, misrepresentation, negligence and violations of Wis. Stat. § 100.18 of various provisions of the Wisconsin Administrative Code.

Defendants have filed what they call a "motion to stay proceedings due to plaintiffs' failure to comply with Wis. Stat. § 895.07." Dkt. #46. Under Wis. Stat. § 895.07(2), a plaintiff who wishes to "commenc[e] an action against a contractor or supplier regarding a construction defect" must give the defendant notice of the defect and an opportunity to cure it. The statute defines "supplier" to mean "a person that manufactures or provides windows

1

or doors for a dwelling." Wis. Stat. § 895.07(1)(k). If the plaintiff has not complied with the notice requirements in § 895.07, the court "shall stay the action and order the parties to comply with the requirements." Wis. Stat. § 895.07(3). (If the defendant informed the plaintiff of the notice of claim requirements before the parties entered into a contract, the court must dismiss the case without prejudice to the plaintiff's refiling it after complying with the requirements. Id. Because defendant does not allege that it informed plaintiff of the requirements, that aspect of the statute does not apply.)

In its motion, defendant argues that the named plaintiffs have not complied with § 895.07, so the case should be stayed until they do. In response, plaintiffs say that the doctrine of laches bars defendant's motion and that, even if the motion is not barred, the court should deny it because all of the named plaintiffs gave defendant notice of their claims. I am denying defendant's motion because I agree with plaintiffs that it is untimely.

OPINION

Because the parties do, I will assume for the purpose of defendant's motion that defendant is a "person" under Wis. Stat. § 895.07(1)(k), that plaintiffs are alleging "construction defects" under § 895.07(1)(e) and that, under Erie Railroad v. Tompkins, 304 U.S. 64 (1938), federal courts must stay cases brought under Wisconsin law when a plaintiff fails to comply with the notice of claim requirements in § 895.07. In addition, I need not decide the extent to which § 895.07 applies to class actions. Instead, I conclude that defendants have forfeited any rights they have under § 895.07 by waiting too long to raise

2

the issue.

In arguing that defendant's motion is untimely, plaintiffs rely on the Wisconsin doctrine of laches, under which "a party that delays making a claim may lose its right to assert that claim." Zizzo v. Lakeside Steel & Manufacturing Co., 2008 WI App 69, 312 Wis. 2d 463, 469-70, 752 N.W.2d 889, 892-93. For the elements of a laches defense, plaintiffs cite Ozaukee County. v. Flessas, 140 Wis. 2d 122, 127, 409 N.W.2d 408, 410 (Ct. App. 1987), in which the court stated that, "[f]or laches to arise, there must be unreasonable delay, knowledge [by the party asserting the right] of the course of events and acquiescence therein and prejudice to the party asserting the defense." In other cases, courts have described the second element not as whether the party asserting the right had knowledge, but whether the party asserting the laches defense did *not* know that the other party was going to assert the right. Sawyer v. Midelfort, 227 Wis. 2d 124, 159, 595 N.W.2d 423, 440 (1999). However, defendant does not object to plaintiffs' summary of the elements, so I do not consider that issue. In addition, defendant does not object to plaintiffs' argument that the doctrine applies to motions as well as claims, so I will assume that plaintiffs are correct about that issue as well. Finally, I will assume as the parties do that it was defendant's burden to raise Wis. Stat. § 895.07 and that any failure by plaintiffs to comply with the statute can be waived or forfeited by defendant.

I will focus on the only issue debated by the parties, which is whether defendant's delay in raising this issue was unreasonable. In support of an argument that it was, plaintiffs say that they filed this lawsuit in February 2014 and that defendant did not raise Wis. Stat.

3

§ 895.07 until after it filed a motion to dismiss, dkt. #8, filed an answer, dkt. #10, exchanged initial disclosures, served discovery requests on plaintiffs and accepted document productions, filed a motion for a protective order and inspected or arranged to inspect the windows of each of the named plaintiffs. Ganz Dec. ¶¶ 3-4, dkt. #53.

In response, defendant does not dispute plaintiffs' description of what has happened in this case so far and it does not deny that it would be unreasonable to wait five months to seek a stay on claims that are subject to Wis. Stat. § 895.07 or that plaintiffs will be prejudiced by a stay. Instead, defendant's argument against plaintiffs' laches defense is that there was no unreasonable delay because defendant did not know that Wis. Stat. § 895.07 applied until plaintiffs filed their amended complaint on June 16, 2014. Dkt. #34. In particular, defendants say that "[t]he plaintiffs' original complaint included no Wisconsin residents as named plaintiffs, and the only claim it purported to assert under Wisconsin law was a cause of action for violation of Wis. Stat. sec. 100.18, which the plaintiffs quickly agreed to dismiss as to all named plaintiffs except Gary Samuels. Nothing in the original complaint indicated that the plaintiffs purported to bring all of their claims under Wisconsin law." Dft.'s Br., dkt. #57, at 2.

Defendant's first argument that "[t]he plaintiffs' original complaint included no Wisconsin residents as named plaintiffs" is a nonstarter because defendant points to no language in Wis. Stat. § 895.07 that limits its application to Wisconsin residents. In fact, in its other brief, defendant argues that § 895.07 applies to all claims brought under Wisconsin law, regardless where a particular plaintiff might live.

4

Defendant's second argument, that plaintiff's original complaint included only one Wisconsin claim asserted by one plaintiff, is misleading because the argument suggests that plaintiffs were asserting claims under a different state's laws. Wis. Stat. § 100.18 was the only Wisconsin statute plaintiffs cited, but they raised a number of common law claims as well, without specifying the state law that applied. Because plaintiffs were suing a Wisconsin company in a Wisconsin federal court and they stated that they wished to bring a lawsuit on behalf of a subclass of Wisconsin property owners, Cpt. ¶ 83, dkt. #1, it would have been reasonable to assume that plaintiffs were relying on Wisconsin law for all of their claims. In fact, in arguing that its proposed stay should apply to all the claims in this case, defendant relies on the fact that plaintiffs are seeking to represent a subclass of Wisconsin residents. Dft.'s Br., dkt. #57, at 2.

In any event, defendant's second argument is self-defeating because defendant admits that plaintiff's original complaint included a claim brought by at least one plaintiff under Wisconsin law. Defendant does not suggest now that the claim under Wis. Stat. § 100.18 is exempt from the requirements of Wis. Stat. § 895.07 and it does not even attempt to explain why it failed to assert its rights under § 895.07 earlier as to that claim. At this point, after the parties have engaged in substantial discovery, granting defendant's motion would serve no purpose but delay. Accordingly, I conclude that defendant's attempt to assert its rights now is untimely. This makes it unnecessary to consider plaintiffs' alternative argument that each of the named plaintiffs complied with the requirements of § 895.07.

ORDER

IT IS ORDERED that defendant Kolbe & Kolbe Millwork Co., Inc.'s motion to stay the case, dkt. #46, is DENIED.

Entered this 24th day of July, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge