IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MARY HALEY and MICHAEL HALEY,
LESLIE BANKS and JAMES HAL BANKS,                             OPINION AND ORDER
ANNIE BUINEWICZ and BRIAN BUINEWICZ,
TERRANCE McIVER and JEAN ANN McIVER,                                  14-cv-99-bbc
SUSAN SENYK and CHRISTIAN SENYK,
MATTHEW DELLER and RENEE DELLER,
GARY SAMUELS and MARIE LOHR,
on behalf of themselves and all others similarly situated,

                      Plaintiffs,

      v.

KOLBE & KOLBE MILLWORK CO., INC.,

                      Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This is a proposed class action in which plaintiffs Mary and Michael Haley, Leslie and James Hal Banks, Annie and Brian Buinewicz, Terrance and Jean Ann McIver, Susan and Christian Senyk, Matthew and Renee Deller, Gary Samuels and Marie Lohr, on behalf of themselves and all others similarly situated, allege that defendant Kolbe & Kolbe Millwork Co. sold them defective windows.  The case is before the court on defendant's motion to dismiss counts VII through IX of plaintiffs' amended complaint, in which plaintiffs contend that defendant violated various provisions of the Home Improvement Practices Act, Wis. Admin. Code § ATCP 110.02 and 110.04.  I conclude that these regulations do not apply to defendant or other manufacturers that do not install their products in residential or

1

noncommittal property.  Dkt. #43.

Because I am dismissing these claims, it is not necessary to reach defendant's motion to dismiss counts VII through IX with respect to plaintiff Marie Lohr or its motion to dismiss second count VIII of the complaint (plaintiffs alleged two count VIII's in their complaint), as it relates to plaintiffs Terrance McIver and Jean Ann McIver on the ground that their claim is barred by the six-year statute of limitations.  Wis. Stat. § 893.93(1)(b).

Plaintiffs alleged the following facts in their complaint.

ALLEGATIONS OF FACT

Defendant Kolbe & Kolbe Millwork Co. manufactures non-vinyl window products, including all-wood and wood and aluminum product lines.  It manufactured the defective windows at issue in this case.

Plaintiff Marie Lohr is a resident of Sun Prairie, Wisconsin, who had approximately 30 Kolbe aluminum-cladded windows installed when her home was built in 2001.  Within months of installation, the windows developed condensation and the wood on all of the windows began to rot and deteriorate.  In late 2010, defendant inspected and replaced 26 of the windows with new, aluminum-cladded Kolbe windows.  In or around the summer of 2013, the 26 replacement windows began to discolor, rot and develop mold.  In or around the winter of 2013, the windows also developed significant condensation.

2

OPINION

Plaintiffs alleged in their complaint common law and statutory claims that defendant breached express and implied warranties, negligently misrepresented the condition of the windows they sold, were negligent in the manufacture and design of the windows, made fraudulent representations and have been unjustly enriched. In addition, they alleged the four counts under Wisconsin's Home Improvement Practices Act, Wis. Admin. Code §§ ATCP 110.01-.09, that are at issue on defendant's motion to dismiss.

The Home Improvement Practices Act applies to sellers of home improvements, as defined in § ATCP 110.01. Under the Home Improvement Practices Act, a "seller" is defined as "a person engaged in the business of making or selling home improvements." The term "includes corporations, partnerships, associations, and any other form of business organization or entity and their officers, representatives, agents, and employees." § ATCP 101.01(5). "Home improvement" is defined in § ATCP 101.01(2) as:

> the remodeling, altering, repairing, painting, or modernizing of residential or non-commercial property, or the making of additions thereto, and includes, but is not limited to, the construction, installation, replacement, improvement, or repair of driveways, sidewalks, swimming pools, terraces, patios, landscaping, fences, porches, garages, basements and basement waterproofing, fire protection devices, heating and air conditioning equipment, water softeners, heaters and purifiers, wall-to-wall carpeting or attached or inlaid floor coverings, and other changes, repairs, or improvements made in or on, attached to, or forming a part of, the residential or non-commercial property. The term extends to the conversion of existing commercial structures into residential or non-commercial property. "Home improvement" does not include the construction of a new residence or the major renovation of an existing structure.

According to the legislative history of Chapter ATCP 110, Wisconsin has had

legislation since at least 1953 directed at persons and companies engaging in misleading or deceptive sales practices. In the earliest examples, the regulation addressed persons using misleading practices when selling roofing and siding at retail, such as telling a prospective customer that his house would serve as a "model home" for which he will be paid a commission or that he was being offered a special price. Dkt. #44, Exh. B, Dept. of Agriculture, In the Matter of the Codification of Rules, Dkt. No. 407, General Order 153, Sept. 3, 1953. See also id., Exh. A at 3, "Findings of Department of Agriculture": "The evils that have developed [in the sale of roofing and siding] are due to unscrupulous salesmen selling at retail and who make statements and representations which have the capacity to and do tend to mislead and deceive the prospective customer." Chapter ATCP 110 is the current version of the regulations, expanded to cover not just sellers of roofing and siding, but any person in the business of making or selling home improvements who engages in misleading or deceptive sales practices.

The question at issue is a purely legal one: does the Act apply to persons like defendant who sell windows but are not alleged to have installed them? Defendant contends that it does not because the Home Improvement Practices Act was written to regulate the entities constructing, installing, repairing, remodeling and modernizing residential properties, not at the entities that provide the products used in those services. Defendant notes that when the Act defines defining "home improvements," it uses verbs rather than nouns, talking in terms of work to be performed, such as altering, repairing, making additions to residential or non-commercial property and installing and replacing

4

specific items, along with "other changes, repairs or improvements made in or on, attached to, or forming a part of, the residential or non-commercial property." It says nothing about the manufacturers or sellers of the products that a person making or selling home improvements may install or replace on the property as part of the remodeling process.

Defendant points out that other provisions of the Act support its position that the Act does not apply to manufacturers: (1) under § ATCP 110.04(1), sellers are required to provide all warranty documents to the buyer at the time the buyer enters into the home improvement contract, with the exception of manufacturers' product warranties, which may be provided at the time of installation; (2) under § ATCP 110.05(2)(b), the home improvement contract must describe the work to be done and the principal products and materials to be used, which defendant says indicates that the rule targets the contractor, who must identify the work to be done and the products and materials to be used or installed, whereas a manufacturer such as defendant is not doing any work or installing anything; (3) under § ATCP 110.07(2)(c), a buyer whose payments have been used to purchase materials for the home improvement may require the seller to deliver any undelivered materials to the home improvement site, which is a further indication that the manufacturers of products are treated differently from contractors using the products. Finally, it notes that no Wisconsin court has held that a manufacturer is a "seller" under the Act.

Plaintiffs view the issue differently, arguing that the definition of "seller" extends to entities that merely sell home improvements and that a window is clearly a "home improvement." They cite a number of cases, none of which provide support for their position. Rohrer v. Willis, 2003 WI App 42, 260 Wis. 2d 602, 658 N.W.2d 88, an

5

unpublished decision, concerned a suit by homeowners against the members of the corporation with which they had contracted for the installation of windows and which had failed to pay the manufacturer for the windows it installed. The court of appeals noted that the manufacturer had placed a lien on the homeowners' residence for the amount owed for the windows but the lien was essentially irrelevant to the question before it so the court had no reason to identify the legal basis for it. Plaintiffs concede that Wis. Stat. § 779.036(1) would have provided a legal basis for the lien and do not claim that it would have been proper under Chapter ATCP 110. In Complete Plumbing, Inc. v. Follett, 2012 WI App 73, 342 Wis. 2d 251, 816 N.W.2d 352, another unpublished opinion, and Stuart v. Weisflog's Showroom Gallery, Inc., 2008 WI 22, 308 Wis. 2d 103, 746 N.W.2d 762, the courts never had occasion to address the question whether the Act would apply to a manufacturer of a product not involved in the product's installation because both suits were brought against contracting entities. In Jackson v. DeWitt, 224 Wis. 2d 877, 592 N.W.2d 262 (Ct. App. 1999), the question was the construction of a contractor's assignment of his interest in a home improvement contract; the only reference to the Act was the court of appeals' holding that under § ATCP 110.06, the assignee of a home improvement contract takes the contract subject to the claims and defenses of the consumer without regard to negotiability.

In further support of their position that the Act applies to defendant, plaintiffs cite another unpublished Wisconsin Court of Appeals case, American Total Security, Inc. v. Geneva Schultz Living Trust, 2007 WI App 1, 298 Wis. 2d 248, 726 N.W.2d 357, for the proposition that "windows are a feature encompassed within the definition of 'home improvement.'" Plts.' Br., dkt. #58, at 4 n.1. Although the court of appeals found that

American Total Security's contract with defendant for the purchase and installation of windows violated § ATCP 110.05(2) ("Home improvement contract requirements"), id. at ¶¶ 3, 8, it never said that "windows are encompassed within the definition of 'home improvement.'" In fact, it never explained the grounds for its finding that American Total Security was a covered "seller"; instead, it merely adopted the finding it had made when the case was before it at an earlier stage. (No copy of that earlier decision is available.) Presumably, at that time, it explained why it found that American Total Security was covered under § ATCP 110.01(5). That would be a proper conclusion in a situation in which the defendant had contracted with American Total Security for both the windows and their installation. Whether the state court would have reached the same result if the case had not involved installation of the windows is impossible to determine.

Plaintiffs argue that an Act such as Chapter ATCP 110 should be construed broadly to effectuate its purposes of protecting homeowners from unscrupulous manufacturers as well as sellers using deceptive practices to defraud persons seeking home improvements. That argument is unobjectionable so far as it applies to the entities covered by the Act. However, plaintiffs have failed to show either that the Act applies to manufacturers such as defendant, who do not install their products, or that homeowners would lack remedies against manufacturers if the Act does not apply.

In short, in the absence of any allegations by plaintiffs that defendant ever installed the supposedly defective windows or otherwise acted as a contractor for any home improvement involving the windows at issue, I am not persuaded by plaintiffs' arguments that a "person engaged in the business of making or selling home improvements" includes

7

a product manufacturer that does not undertake the installation of the product. Accordingly, I conclude that Wisconsin's Home Improvement Practices Act is not applicable to defendant.

This conclusion makes it unnecessary to consider whether plaintiffs Marie Lohr, Terrance McIver or Jean Ann McIver have any viable claims under Chapter ATCP 110, as alleged in claims VII- IX.

ORDER

IT IS ORDERED that defendant Kolbe & Kolbe Millwork Co.'s motion to dismiss, dkt. #43, is GRANTED with respect to the Home Improvement Practices Act claims alleged in counts VII through IX of the amended complaint filed by plaintiffs Mary and Michael Haley, Leslie and James Hal Banks, Annie and Brian Buinewicz, Terrance and Jean Ann McIver, Susan and Christian Senyk, Matthew and Renee Deller, Gary Samuels and Marie Lohr.

Entered this 6th day of November, 2014.

BY THE COURT:

/s/
BARBARA B. CRABB
District Judge