IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MARY HALEY and MICHAEL HALEY,
LESLIE BANKS and JAMES HAL BANKS,
ANNIE BUINEWICZ and BRIAN BUINEWICZ,
TERRANCE McIVER AND JEAN ANN McIVER,
SUSAN SENYK, CHRISTIAN SENYK,
GARY SAMUELS, PATRICIA SAMUELS,
MATTHEW DELLER, RENEE DELLER
and MARIE LOHR, on behalf of themselves and
all others similarly situated,

                                                                             OPINION AND ORDER

                       Plaintiff,

                                                                             14-cv-99-bbc

    v.

KOLBE & KOLBE MILLWORK CO., INC.,

                     Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This is a proposed class action in which the plaintiffs allege that the windows they purchased from defendant Kolbe & Kolbe Millwork Co. are defective. Several motions are before the court. First, defendant has filed a motion for sanctions on the ground that some of the named plaintiffs destroyed evidence. Dkt. #63. Second, Fireman's Fund Insurance Company has filed a motion to intervene, bifurcate and stay the case until the court resolves a dispute about the scope of its duty to defend. Dkt. #73. Third, United States Fire Insurance Company has asked to join the other insurer's motion and supporting briefs. Dkt. ##84 and 100. For the reasons discussed below, I am denying the motion for sanctions,

granting the motions to intervene and denying the motions to bifurcate and stay the case.

OPINION

A. <u>Sanctions</u>

Defendant argues that it is entitled to sanctions because four of the named plaintiffs (Leslie Banks, James Hal Banks, Annie Buinewicz and Brian Buinewicz) destroyed evidence. In particular, Leslie and James Hal Banks discarded windows they removed from their home in 2012; Annie and Brian Buinewicz discarded windows they removed in October 2013 and March 2014. Defendant seeks five different sanctions against plaintiffs:

(1)  an instruction to the jury stating that plaintiffs breached their duty to preserve evidence;

(2)  an order prohibiting plaintiffs and their experts from testifying or offering any other evidence about any alleged defects in the removed and discarded windows, and prohibiting their counsel from questioning defendant's experts regarding their inability to inspect the discarded windows or the construction details surrounding those windows;

(3)  an order prohibiting plaintiffs from seeking any award of damages with respect to the removed and discarded windows;

(4)  an order prohibiting all of the plaintiffs in this case from removing or discarding any Kolbe windows installed in their homes without providing defendant at least 30 days advance notice and an opportunity to attend and observe the removal;

(5)  an award of defendant's attorneys' fees incurred in bringing this motion.

In this circuit, the issue of imposing sanctions for the spoliation of evidence has arisen most often in the context of a request for an adverse inference instruction. E.g., <u>Everett v. Cook County</u>, 655 F.3d 723, 726-27 (7th Cir. 2011); <u>Norman-Nunnery v. Madison Area</u>

Technical College, 625 F.3d 422, 428-29 (7th Cir. 2010); Faas v. Sears, Roebuck & Co., 532 F.3d 633, 644-45 (7th Cir. 2008). One of the requirements for obtaining such an instruction is proof that the party destroyed evidence for the purpose of hiding adverse information. Rummery v. Illinois Bell Telephone Co., 250 F.3d 553, 558 (7th Cir. 2001).

Defendant acknowledges that it has no proof of bad faith, so it relies on district court decisions for the proposition that sanctions other than an adverse inference may be appropriate if (1) the party who destroyed that evidence could reasonably anticipate that the evidence was relevant to a potential lawsuit; (2) that party was "at fault" for the destruction; and (3) the adverse party has been unfairly prejudiced by the failure to preserve. E.g., Domanus v. Lewicki, 284 F.R.D. 379, 386 (N.D. Ill. 2012); Jones v. Bremen High School District 228, No. 08 C 3548, 2010 WL 2106640, at *5 (N.D. Ill. May 25, 2010). Although defendant does not cite any case law from the Court of Appeals for the Seventh Circuit, plaintiffs do not question the correctness of the district court cases that defendant cites. In fact, plaintiffs cite the same cases with approval in their own brief. Because the parties treat those cases as articulating the correct standard for sanctions less severe than an adverse inference instruction, I will do the same.

The parties do not address the appropriate burden of proof, but in one of the cases defendant cites, the court interpreted circuit precedent as applying a clear and convincing standard. American Family Mutual Insurance, Co. v. Roth, No. 05 C 3839, 2009 WL 982788, at *11 (N.D. Ill. Feb. 20, 2009). Regardless whether the standard is clear and convincing or preponderance of the evidence, I conclude that defendant has not shown that

sanctions are appropriate at this time.

As an initial matter, I disagree with defendant's argument that its requested sanctions are less severe than an adverse inference instruction and no more severe than necessary to "level the playing field."  Dft.'s Br., dkt. #64, at 2.  First, I see little difference between an adverse inference instruction and an instruction that plaintiffs "breached their duty to preserve evidence."  Although defendant's requested instruction does not require the drawing of an adverse inference, there would be no purpose for the proposed instruction except to invite the jury to draw such an inference.

Defendant's second and third requested sanctions are to prohibit plaintiff from presenting any evidence or seeking any damages related to the discarded windows.  Although defendant does not frame these sanctions as a dismissal of the claims related to the discarded windows, that would be the necessary effect of imposing the requested sanctions.  Outright dismissal of a claim is obviously a more severe sanction than an adverse inference instruction, so defendant cannot argue persuasively that it should not have to prove bad faith.

To some extent, plaintiffs have imposed their own sanction by failing to preserve all of their windows.  After all, it is plaintiffs' burden to prove that the windows are defective and it will be more difficult for plaintiffs to meet that burden with respect to windows that have been discarded.  Most of the cases cited by defendants in which courts awarded sanctions in the absence of bad faith involved a *defendant* that destroyed evidence the plaintiff needed to prove her claim.  Jones, 2010 WL 2106640, at *5; Domanus, 284 F.R.D.

at 386; Bryant v. Gardner, 587 F. Supp. 2d 951, 969 (N.D. Ill. 2008); Large v. Mobile Tool International, Inc., No. CIV. 1:02CV177, 2008 WL 2116967, at *7 (N.D. Ind. May 20, 2008).  In this case, defendant does not have the burden of proof with respect to liability, so the prejudice is less apparent.

Even if I assume that defendant does not have to prove bad faith and that an additional sanction could be appropriate under some circumstances, I conclude that defendant has not shown that it is entitled to sanctions at this time.  With respect to the windows removed in 2012 and 2013, I conclude that defendant has not adduced sufficient evidence to show that plaintiffs were anticipating litigation when they removed and discarded the windows. With respect to the 2012 removal, defendant relies on an October 2011 email in which Leslie Banks told defendant that she "would head to litigation" if "Kolbe would not replace the windows." Dkt. #66-4.  However, defendant *did* replace the windows and it is undisputed that Banks informed defendant that she and her husband were no longer considering litigation at the time.  Banks Dec. ¶¶ 11-12, dkt. #71-1.

Defendant calls plaintiffs' professed change of heart disingenuous, but if defendant was suspicious about plaintiffs' plans, it was free to ask them to preserve the windows or to take the windows itself when it replaced them, but defendant did neither of those things. Defendant also says that plaintiffs must have been contemplating litigation because they joined this lawsuit, but the lawsuit was filed at least 14 months later. (The parties do not say when in 2012 the windows were replaced.)  Defendant cites no evidence that plaintiffs were taking any steps toward litigation in 2012.

5

With respect to the windows replaced by Annie and Brian Buinewicz in 2013, plaintiffs submitted a declaration in which they averred that they "neither had involvement in the present suit nor contemplated any litigation regarding our Kolbe windows" at the time. Buinewicz Dec. ¶ 12, dkt. #80. Defendant criticizes plaintiffs for failing to include additional details, such as the date they began considering a lawsuit, but that is irrelevant to defendant's motion so long as the date was after the time plaintiffs discarded the windows. It is defendant's burden to prove the elements of spoliation, not plaintiffs' burden to disprove them. If defendant believed that plaintiffs' declaration was inaccurate, defendant was free to depose plaintiffs or seek other evidence contradicting the declaration, but defendant failed to do that. As it stands, plaintiffs' declaration is undisputed.

With respect to the windows replaced in 2014, there is no dispute that plaintiffs were aware that the windows could be relevant to a lawsuit because this lawsuit had been filed already. However, plaintiffs say that they were not at fault because they gave instructions to preserve the windows to the company who replaced them, but that company disregarded the instructions and discarded all but one of the replaced windows. Id. at ¶¶ 15-17. Again, defendant questions plaintiffs' declaration, but it cites no contrary evidence or authority suggesting that plaintiffs' declaration is inadmissible. Accordingly, I conclude that defendant has failed to show that plaintiffs were at fault for the destruction of the windows.

This leaves defendant's argument that plaintiffs should have notified defendant about the 2014 removal so that defendant could monitor the removal itself. Defendant's expert states in his declaration that "[r]emoval of windows allows access to potentially important

6

evidence that cannot be observed with the window installed. Removal allows examination of the window opening in the wall and surrounding wall construction details, which can reveal the location of the entry point of the water and the cause of any water intrusion issues." Smith Dec. ¶4b, dkt. #65.

Plaintiffs argue that defendant was not prejudiced because plaintiffs filmed and photographed the removal and both sides can review the video to determine whether the removal process supports either side's position. In response, defendant's expert says that the video and pictures "are not an adequate substitute" for personal observation, but defendant's objections are so vague that it is impossible to determine whether they have any merit. E.g., id. ("[T]he video of the windows' removal is not an adequate substitute for my own observation of the removal because there may be relevant aspects of the windows' installation or the surrounding construction that was not shown on the video."). If defendant believes that it is unfairly prejudiced by the use of the video and photographs, it is free to move to exclude those items from consideration at summary judgment or trial. However, defendant did not request exclusion of those items as a sanction in its motion. Even if it had, I could not grant the request because defendant has not identified with enough specificity why the evidence is prejudicial.

Plaintiffs do not object to defendant's request to be notified at least 30 days before plaintiffs remove any more windows so that defendant has an opportunity to be present during the removal. Because the parties agree about this issue, there is no need for a court order.

B.  <u>Intervention</u>

Fireman's Fund Insurance Company and United States Fire Insurance Company provide liability insurance to defendant.  These two companies (along with several other, unidentified insurers) have agreed collectively to provide a defense to defendant under a reservation of rights.  They seek to intervene in this case under Fed. R. Civ. P. 24 for the sole purpose of obtaining a declaration that they are entitled to choose independent counsel for defendant.   In addition, they want to stay the case until that issue is resolved.

Under Fed. R. Civ. P. 24(a), a party may intervene as of right if it "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."  <u>See also</u> <u>United States v. BDO Seidman</u>, 337 F.3d 802, 808 (7th Cir. 2003) (intervention under Rule 24(a)(2) requires proposed intervenors to prove four element: "(1) their motions to intervene were timely; (2) they possess an interest related to the subject matter of the . . . action; (3) disposition of the action threatens to impair that interest; and (4) the [parties] fail to represent adequately their interest.").  I have held consistently that this standard is met by an insurance company that faces potential liability for a defendant's actions.  <u>B.A. v. Bohlmann</u>, 2009 WL 3270124, *1 (W.D. Wis. 2009); <u>N.B. v. Wausau School District Bd. of Education</u>, 2006 WL 6105628, *1  (W.D. Wis. 2006); <u>International Paper Co. v. City of Tomah</u>, 2000 WL 34230089, *3 (W.D. Wis. 2000).

None of the other parties object to the insurers' motions to intervene. However, plaintiffs ask that the insurers be prohibited from relitigating any issues already decided. Because the insurers do not object to that condition in their reply brief, I am adopting it. Accordingly, I will grant the motions to intervene and accept the insurers' proposed complaints as their operative pleadings.

However, it has not been this court's general practice in recent years to bifurcate and stay the proceedings while the insurance company seeks its declaration. E.g., Neri v. Monroe, No. 11-cv-429-bbc (W.D. Wis. 2011); Biewer-Wisconsin Sawmill, Inc. v. Fremont Industries, Inc., 2007 WL 5517466, *1 (W.D. Wis. 2007); Solofra v. Douglas County, 2005 WL 3059488 (W.D. Wis. 2005); Wimmer v. Rental Service Corp., 2005 WL 949328 (W.D. Wis. 2005). It seems particularly inappropriate in this case for two reasons.

First, any prejudice to the insurers is limited because the only issue they are raising is the choice of counsel. They are not seeking a declaration on their duty to defend or their duty to indemnify. Presumably, if the insurers are correct that defendant breached its contractual obligations by rejecting the insurers' choice of counsel, the insurers will not be required to pay for the counsel that defendant chose.

Second, any prejudice the insurers will suffer is largely of their own making. To the extent that the insurers are concerned that defendant's chosen counsel will make questionable strategic decisions or incur unnecessary fees, that ship has sailed because the insurers waited nine months after the case was filed to bring their motions. Although the insurers say that defendant did not refuse their choice of counsel until August 23, 2014, the

9

insurers do not explain why they waited so long to ask defendant to make the choice or why they waited to file this motion until more than two months after defendant rejected the insurers' offer.  Richmond v. Scibana, 387 F.3d 602, 604 (7th Cir. 2004) (litigant "cannot manufacture exigency by tarrying").

Accordingly, I am denying the insurers' motion to bifurcate and stay.  The insurers are free to file a motion for summary judgment on the issue of defendant's choice of counsel at any time.

ORDER

IT IS ORDERED that

1.  Defendant Kolbe & Kolbe Millwork Co., Inc.'s motion for sanctions, dkt. #63, is DENIED.

2.  The motion to intervene filed by Fireman's Fund Insurance Company, dkt. #73, is GRANTED.  United States Fire Insurance Company's motion to join the motion to intervene and the briefs in support of the motion to intervene, dkt. ##84 and 100, are GRANTED.

3. The motion to bifurcate and stay proceedings, dkt. #73, is DENIED.

Entered this 10th day of December, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge