IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MARY HALEY and MICHAEL HALEY,
LESLIE BANKS and JAMES HAL BANKS,
ANNIE BUINEWICZ and BRIAN BUINEWICZ,
TERRANCE McIVER and JEAN ANN McIVER,
SUSAN SENYK and CHRISTIAN SENYK,
MATTHEW DELLER and RENEE DELLER,            OPINION AND ORDER
PATRICIA GROOME, GARY SAMUELS
and MARIE LOHR, on behalf of themselves            14-cv-99-bbc
and all others similarly situated,

           Plaintiffs,

     v.

KOLBE & KOLBE MILLWORK CO., INC.,

           Defendant,

    and

FIREMAN'S FUND INSURANCE COMPANY
and UNITED STATES FIRE INSURANCE COMPANY,

           Intervenor Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In an order entered on June 15, 2015, I granted defendant's motion for summary judgment with respect to several of plaintiffs' claims regarding their purchase of allegedly defective windows from defendant Kolbe & Kolbe Millwork Co., Inc., including a fraudulent misrepresentation claim brought by plaintiffs Patricia Groome and Gary Samuels under Wis. Stat. § 100.18. Dkt. #233. (Although plaintiffs never mention it in their brief in support

1

of their motion for reconsideration, dkt. #368, the only parties affected by this motion are plaintiffs Groome and Samuels. The other named plaintiffs voluntarily dismissed their § 100.18 claims on June 27, 2014. Dkt. #42.) Before the court is plaintiffs' motion for reconsideration of the court's ruling on the misrepresentation claim on the ground that plaintiffs have discovered new evidence in support of it. Dkt. #367. I am denying the motion because plaintiffs have failed to show the materiality of the new evidence or how it would produce a new result on summary judgment.

OPINION

Plaintiffs have filed their motion under Fed. R. Civ. Rule 60(b)(2), which allows a district court to "relieve a party . . . from a final judgment, order, or proceeding" on the ground of "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." A successful Rule 60(b)(2) motion has five prerequisites: (1) the evidence must have been discovered after the entry of judgment; (2) due diligence on the part of the movant to discover the new evidence has been shown or may be inferred; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence is such that a new [ruling] would probably produce a new result. Jones v. Lincoln Electric Co., 188 F.3d 709, 732 (7th Cir.1999). A motion under Rule 60(b)(2) must be made "within a reasonable time" and "no more than a year after the entry of judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

As an initial matter, I note that it is unclear whether plaintiffs' motion should be considered a motion for reconsideration instead of a Rule 60 motion because judgment has not been entered yet in this case. Although I entered an order dismissing plaintiffs' § 100.18 claim, defendant moved only for partial summary judgment and several of plaintiffs' claims are proceeding to trial. Defendant does not address the applicability of Rule 60 or the standard of review. In any event, the result is the same. The "new" evidence does not save the claim brought by Groome and Samuels.

Under Wis. Stat.§ 100.18(1), plaintiffs must demonstrate three elements: (1) defendant made a representation to the public with the intent to induce an obligation; (2) the representation was untrue, deceptive or misleading; and (3) the representation caused plaintiffs a pecuniary loss. K & S Tool & Die Corp. v. Perfection Machinery Sales, Inc., 2007 WI 70, ¶ 19, 301 Wis. 2d 109, 732 N.W.2d 792. In the summary judgment order, I found that plaintiffs had failed to identify any specific factual representation that defendant had made with the intent to induce plaintiffs Groome and Samuels to purchase its windows, as required under Wisconsin law. United Concrete & Const., Inc. v. Red-D-Mix Concrete, Inc., 2013 WI 72, ¶¶ 25 and 28, 349 Wis. 2d 587, 606-07, 836 N.W.2d 807, 816-17 (defendant must make representation about nature or quality of product that is specific enough that its truth or falsity can be determined). I decided that defendant could not be held liable for vague statements by defendant's distributor that defendant's windows were "high quality" and "American made." Id. at ¶ 25 (seller not liable

3

for "puffery" under § 100.18 because such exaggerations convey only an opinion and are not capable of being substantiated or refuted).

Plaintiffs now state that they have new evidence that defendant made false representations to the public, including evidence that defendant tested only certain windows ("ringers") to pass certification, misdirected class members regarding the "water preservation capabilities" of its windows and installation instructions and artfully worded materials to falsely assure class members, builders and installers that its windows complied with building codes. In support of their contentions, they cite the following evidence:

- Kenneth Wilcox, a research and development certification engineer for defendant, admitted in his deposition that "very few Kolbe windows that came off the line were used for certification testing" and that "R&D certification testing procedure had to be artfully worded so it doesn't appear we only test ringers." Dkt. #289 at 153-58.

- Wilcox testified that design professionals and installers are not limited to following Kolbe's installation instructions verbatim. Id. at 169. (Plaintiffs state without support that purchasers are required to follow these instructions.)

- George Digman, defendant's director of research and development, testified that there are different standards for field testing and length of service after a window has been installed. Dkt. #355 at 97.

- Digman stated that defendant told customers that installers had to verify that the windows had been installed according to defendant's instructions, but defendant had no official mechanism for installers to do this. Id. at 126-28.

- Jerry Budnik, a service manager for defendant, stated in a 2007 internal email to a research and development manager that defendant was receiving an increasing number of complaints about rotting windows and that "we really need to start looking at our decaying problem." Dkt. #369, exh. 1.

Contrary to plaintiffs' contentions, this "new evidence" does not cure all of the deficiencies identified in the summary judgment order, and some of it does not seem to relate to any misrepresentation allegedly made by defendant. Although plaintiffs submit testimony from two Kolbe employees who suggest that defendant may have acted in a misleading manner, plaintiffs do not identify the particular misrepresentations that they believe defendant made to any member of the public concerning the certification testing, "water preservation capabilities" and building code compliance of its windows. They have adduced no evidence relating to when, where or how defendant made the misleading statements or representations. Plaintiffs provide a bit more detail with respect to what defendant said or required concerning installation, but again, they fail to adduce any evidence of the specific installation instructions given to the public. They state only generally that defendant includes instructions with each unit sold that must be followed to file a valid warranty claim.

Further, plaintiffs still have not satisfied the third element of the § 100.18 claim because they have not explained how defendant's alleged misrepresentations and false statements caused pecuniary loss to plaintiffs Groome and Samuels. <u>K & S Tool & Die</u>, 2007 WI 70 at ¶ 35 (causal connection required between untrue, deceptive or misleading representation and pecuniary loss). Groome and Samuels did not identify any specific statements that they saw regarding certification, water preservation, building codes or installation or link them to the loss they sustained. In fact, as I noted in the summary judgment opinion, Groome and Samuels testified that defendant's windows were the only

5

windows offered by their builder and that fact did not influence their decision to buy their home. Wis. JI–Civil 2418 (test is whether plaintiff would have acted in absence of misleading statement). See also Novell v. Migliaccio, 2008 WI 44, ¶ 53, 309 Wis. 2d 132, 153, 749 N.W.2d 544, 554 (although plaintiff's reasonable reliance on misrepresentation not an element of § 100.18 claim, it may be relevant to whether representation materially induced plaintiff to sustain pecuniary loss).

Accordingly, I am denying plaintiffs' motion for reconsideration because they have not shown that the newly discovered evidence is material or would have produced a new result with respect to the § 100.18 claim brought by Groome and Samuels.

ORDER

IT IS ORDERED that plaintiffs' motion for reconsideration of this court's summary judgment decision, dkt. #367, is DENIED.

Entered this 6th day of November, 2015.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge