IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MARY HALEY and MICHAEL HALEY,
LESLIE BANKS and JAMES HAL BANKS,
ANNIE BUINEWICZ and BRIAN BUINEWICZ,            OPINION AND ORDER
TERRANCE McIVER and JEAN ANN McIVER,
SUSAN SENYK and CHRISTIAN SENYK,                     14-cv-99-bbc
MATTHEW DELLER and RENEE DELLER,
PATRICIA GROOME, GARY SAMUELS and
MARIE LOHR, on behalf of themselves and
others similarly situated,

                    Plaintiffs

          v.

KOLBE & KOLBE MILLWORK CO., INC.,

                    Defendant,

          and

FIREMAN'S FUND INSURANCE COMPANY
and UNITED STATES FIRE INSURANCE
COMPANY,

                    Intervenor Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

     Two motions are before the court.  Plaintiffs Mary Haley, Michael Haley, Leslie

Banks, James Hal Banks, Annie Buinewicz, Brian Buinewicz, Terrance McIver, Jean McIver,

Susan Senyk, Christian Senyk, Matthew Deller, Renee Deller, Patricia Groome, Gary

Samuels and Marie Lohr are seeking review by this court of United States Magistrate Judge

1

Stephen Crocker's decision denying their motion to reopen discovery.  They ask the court to reverse the magistrate judge's decision and impose sanctions against defendant Kolbe & Kolbe Millwork Co., Inc.  Defendant wants the court to strike the declaration of Joel Wolf, one of plaintiffs' expert witnesses, on the ground that it was filed in violation of the preliminary pretrial conference order.

Plaintiffs's appeal will be denied because they failed to show that the magistrate judge's decision was clearly erroneous or contrary to law or that this court is required to apply a higher standard of review to the decision.  Defendant's motion will be granted because they have shown that Wolf's late declaration violates this court's preliminary pretrial conference order.

## OPINION

### A. Plaintiff's Motion

Plaintiffs want the court not only to reopen discovery but to order defendant to to (1) produce specific additional discovery in the form of a Rule 30(b)(6) deposition of defendant; (2) give plaintiffs the opportunity to depose certain employees of defendant; (3) permit plaintiffs' expert witness to prepare a supplemental expert report; and (4) direct defendant to reimburse them for the fees and expenses they will incur in taking these additional depositions of defendant and its employees, as well as for the fees and expenses incurred in the preparation of certain objections and motions and in sorting through unresponsive documents from defendant.  Finally, plaintiffs want a default judgment entered in their favor

2

on liability; reversal of the magistrate judge's grant of defendant's motion for a protective order quashing untimely depositions and an order allowing the timely completion of the depositions of John Hanrahan, Richard Zaveta and Marc Cesario under plaintiffs' *de bene esse* deposition notices.  Dkt. #443.

Not only do the parties disagree about the magistrate judge's decision but they are at odds about the legal standard for the court's review of the parties' discovery dispute. Citing <u>Retired Chicago Police Ass'n v. City of Chicago</u>, 76 F3d 856, 869 (7th Cir. 1996), plaintiffs say that it must be *de novo,* at least as to the magistrate judge's disposition of their motion for sanctions, in light of the court of appeals' statement in that case that "resolution of a sanctions request is a dispositive matter capable of being referred to a magistrate judge only under [28 U.S.C.] § 636(b)(1)(B) or § 636(b)(3), where the district judge must review the magistrate judge's report and recommendation *de novo*."  Plaintiffs add that if this court disagrees about the standard to be applied, it must still reverse the denial of plaintiff's motion for sanctions under the "clearly erroneous or contrary to law" standard in Fed. R. Civ. P. 72(a).

Defendant argues persuasively that it is doubtful the court of appeals intended <u>Retired Chicago Police Ass'n</u> to stand for the proposition that a magistrate judge's review of an otherwise non-dispositive discovery motion requires *de novo* review simply because the movant also seeks a sanction against the opposing party.  The matter is different if the magistrate judge decides to impose a sanction.  12 Wright, Miller & Marcus, <u>Federal Practice & Procedure</u> § 3068.2, at 340-44 (2d ed. 1997) (disputes about handling of discovery

3

ordinarily viewed as non-dispositive under Rule 72 and treated as dispositive only when "the magistrate judge actually imposes" a dispositive sanction).   In this case, in which the magistrate judge did not impose a sanction, I will do as most courts do and treat his rulings as non-dispositive and consider only whether his rulings were clearly erroneous or contrary to law.

On that question, plaintiffs allege that defendant engaged in sandbagging throughout the discovery process, producing prodigious amounts of discovery at disadvantageous times for plaintiffs, dragging its feet on production of discoverable information and generally not cooperating.   Plaintiffs object to what they say was the magistrate judge's rewarding of defendant for its recalcitrance and refusal to cooperate: denying plaintiffs' motion for sanctions and granting defendant's motion for a protective order.   Not surprisingly, defendant paints a different picture.   In its view, it cooperated from the beginning in the production of discovery, but was thwarted by plaintiffs' refusal to narrow their discovery demands.   My review of the record supports defendant's view of the disputes.

In his July 9, 2015 telephone conference with the parties, the magistrate judge told plaintiffs several times to narrow and prioritize their discovery requests, dkt. #56 at 5, 6, 7, 8, 14 and 18, and suggested ways in which they could do so.   Id. at 7-8, 10-11, 12,14 and 16-17.   Despite his guidance, plaintiffs failed to hone their requests so that the electronic searches of defendant's electronically stored records would produce more relevant information, as well as take less time.   Plaintiffs do not deny that defendant kept plaintiffs informed of its progress at each step of the process, advising plaintiffs of the size and pace

of the production and seeking plaintiffs' agreement about the size and scope of that production.  Dft.'s Br., dkt. #491, at 5.

In addition to the timing and size of the production from defendant of electronically stored information, plaintiffs complain about defendant's late disclosure of its experts. Plaintiffs admit that defendant produced its expert reports on the day to which plaintiffs agreed.  Dkt. #444 at 13-14.  (This agreement was reached after plaintiffs failed to make a timely disclosure of their damage calculations, which was a violation of the magistrate judge's June 2015 order.)

From my reading of both sides' briefs, as well as plaintiffs' August 5, 2015 motion for an extension of time to file their motion for class certification, I conclude that plaintiffs have failed to show that the magistrate judge's disposition of the parties' discovery disputes in his November 15, 2014 text order, dkt. #439, was clearly erroneous or contrary to law. Accordingly, I will deny their requests to reopen discovery, to impose fees and expenses on defendant and to enter default judgment in their favor.

## C. Defendant's Motion

Defendant wants the court to strike the declaration of Joel M. Wolf, dkt. #433-1, in support of plaintiffs' motion in limine to exclude the testimony of William Smith, one of defendant's experts.  It points out that the court's preliminary pretrial conference order, dkt. #29, entered on April 21, 2014, provided that there would be no third round of expert reports. The parties could supplement an expert's first report, but only if the

5

supplementation were limited to matters raised in the original report and served no later than five calendar days before the expert's deposition or before the general discovery deadline if no deposition was to be taken of the expert.  Id.

The parties agreed to an extended deadline for expert disclosure and produced the joint expert report of Wolf and Haskell Beckham, both employees of Exponent, Inc., on the due date.  Dkt. #281. Subsequently, they produced a preliminary repair estimate summary prepared by Wolf, estimating the cost of removing and replacing the windows of each plaintiff. Defendant then undertook a second deposition of Wolf.  Dkt. #254-6. Six days before discovery closed, defendant produced the report of its expert, William Smith.  Dkt. #316.  Wolf then filed his third report, dkt. #433-1, which he intended as a response to Smith's report.

In defendant's view, Wolf not only attempted to rebut Smith's opinions but offered a new one about the reasons for decay in defendant's windows, in violation of the preliminary pretrial conference order.  Plaintiffs say that Wolf's opinion is not an attempted third round of expert reports, but simply an attempt to set the record straight about the condition in which customers received the windows they ordered.  They also say that Wolf and Beckham raised the issue of finish in their initial report.  However plaintiffs describe the report, it is clear that it fits within the category of reports prohibited by the magistrate judge in the preliminary pretrial conference report.  It was an attempted third round of reports and it was untimely, giving defendant no opportunity to respond to it before the close of discovery.  As hard as plaintiffs try to characterize the disputed report as "nothing new,"

6

their efforts to use it belie that characterization.

ORDER

IT IS ORDERED that the appeal of the United States Magistrate Judge's decision brought by plaintiffs Mary Haley, Michael Haley, Leslie Banks, James Hal Banks, Annie Buinewicz, Brian Buinewicz, Terrance McIver, Jean McIver, Susan Senyk, Christian Senyk, Matthew Deller, Renee Deller, Patricia Groome, Gary Samuels and Marie Lohr, dkt. #443, is DENIED.  The magistrate judge's denial of plaintiffs' motion to reopen discovery, to impose sanctions against defendant Kolbe & Kolbe Millwork Co., Inc. and to enter default judgment for plaintiffs on liability was neither clearly erroneous nor contrary to law.

FURTHER, IT IS ORDERED that the motion filed by defendant Kolbe & Kolbe Millwork Co., Inc. to strike the declaration of Joel M. Wolf, dkt. #433-1, is GRANTED.

Entered this 1st day of February, 2016.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

7

8