UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

MARY HALEY *et al.*,

    Plaintiffs,

v.

KOLBE & KOLBE MILLWORK CO., INC.,

    Defendant,

and

FIREMAN'S FUND INSURANCE COMPANY, INC., *et al.*,

    Intervenor Defendants.

Case No. 14-cv-99-bbc

## MEMORANDUM IN SUPPORT OF DEFENDANT KOLBE & KOLBE MILLWORK CO., INC.'S BILL OF COSTS

The Court entered judgment in favor of defendant Kolbe & Kolbe Millwork Co., Inc. on all of the plaintiffs' claims on July 19, 2016. [Dkt. No. 556.] Kolbe is the prevailing party, and has filed a bill of costs pursuant to Fed. R. Civ. P. 54(d), requesting that the clerk tax costs totaling $143,389.07 against the plaintiffs. Kolbe submits this memorandum in support of its bill of costs.

Rule 54(d) states that costs "should be allowed to the prevailing party" unless a "federal statute, these rules, or a court order provides otherwise." The Seventh Circuit has made clear that "costs should be allowed as a matter of course to the prevailing party." *Little v. Mitsubishi Motors North Am., Inc.*, 514 F.3d 699, 701 (7th Cir. 2008). 28 U.S.C. § 1920 lists the categories of costs that are taxable. Kolbe incurred costs in three of those categories: "printed or electronically recorded transcripts" (§ 1920(2)); "fees . . . for witnesses" (§ 1920(3)); and "the

costs of making copies of any materials . . . necessarily obtained for use in the case" (§ 1920(4)). This memorandum explains Kolbe's requests for costs in each of these categories.

1.  Transcripts

28 U.S.C. § 1920(2) allows taxation of "fees for printed or electronically recorded transcripts necessarily obtained for use in the case." Kolbe incurred a total of $40,543.05 of fees for transcripts. This includes $171.65 for hearing transcripts, $30,142.44 for stenographic deposition transcripts, and $10,228.96 for video recordings of depositions. Costs for both stenographic and video recording of depositions are taxable. *Little*, 514 F.3d at 702; *Wis. Resources Protection Council v. Flambeau Mining Co.*, No. 11-cv-45, 2014 U.S. Dist. LEXIS 105273, *2-*3 (W.D. Wis. Aug. 1, 2014) (allowing costs for both stenographic and video recording of the same deposition, and stating that "[t]he argument that a party should not be reimbursed for the costs of having a deposition recorded both stenographically and by video is a losing one in this circuit"). Invoices confirming the transcript and video costs incurred by Kolbe are provided in Exhibits 1, 2, and 3 to Kolbe's bill of costs.

2.  Fees for Witnesses

28 U.S.C. § 1920(3) allows taxation of "[f]ees and disbursements for . . . witnesses." Kolbe incurred $839.52 in costs for witness and mileage fees paid to third parties who were subpoenaed to give depositions. Those third parties were homeowners identified by the plaintiffs in their amended Rule 26 disclosures as persons with relevant knowledge, so it was necessary for Kolbe to depose them. Documentation of these witness and mileage fees is provided in Exhibit 4 to the bill of costs.

On the bill of costs form, Kolbe's witness fee amount is split between the "fees for witnesses" line and the "other costs" line. This is because the bill of cost form permits only six witnesses to be listed for witness fees, and then populates the "fees for witnesses" entry with the

automatically-calculated total from those six entries. Because Kolbe is seeking fees for more than six witnesses, we have itemized the others on an addendum to the bill of costs, and included the total for them on the "other costs" line.

3.  Copies

28 U.S.C. § 1920(4) allows taxation of "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." Kolbe incurred costs for both traditional copying of paper documents, and providing copies of electronic documents. This memorandum addresses each in turn.

    a.    Copying of Paper Documents

Kolbe incurred $2,944.07 in costs for paper photocopies necessarily obtained for use in the case. Of that total, $2,246.80 was for photocopies made by Kolbe's attorneys, Foley & Lardner, which charged $0.15 for black and white paper copies and $0.75 for color copies. The remaining $697.27 was for photocopies made by outside copy vendors. Documentation of these costs is provided in Exhibits 5 and 6 to the bill of costs.

    b.    Copying of Electronic Documents

Kolbe incurred $99,062.43 in taxable costs for making copies of electronic documents. All of these costs are the result of Kolbe being required to respond to the plaintiffs' seemingly never-ending and exceedingly broad demands for production of documents. As the record in this case amply demonstrates, the plaintiffs launched a massive document discovery campaign which lasted for almost two years. The campaign included demands for documents going all the way back to the founding of the company. It included demands for documents from databases, shared network drives, and the hard drives of dozens of individual computers used by Kolbe employees. It required multiple searches of these various repositories of electronic documents to locate responsive materials. And the plaintiffs insisted that electronic documents be produced in a

3

specific electronic format, requiring Kolbe to undertake an expensive file conversion process that dramatically increased the production costs. For more details concerning the history of the plaintiffs' document discovery campaign in this case, the Court should review dkt. nos. 35, 36, 56, 274, 275, 311, 312, 439, 491 and 510.

By the time it was all done, Kolbe produced over 230 gigabytes of data containing hundreds of thousands of documents, and the process was so colossal that Kolbe was forced to utilize not only Foley & Lardner's internal e-discovery resources but also two outside vendors. The total actual cost to Kolbe was many multiples higher than $99,062.43, but that is the portion that is taxable under § 1920.

Judges in this district have reached different conclusions as to what particular electronic discovery costs are taxable under § 1920(4). Within the last three years, Judge Crabb has twice held that a prevailing party is entitled to recover as "the costs of making copies" all reasonable costs associated with the electronic discovery process. *See Flambeau Mining Co.*, 2014 U.S. Dist. LEXIS 105273, at *4-*5; *Novozymes A/S v. Danisco A/S*, No. 10-cv-251 (W.D. Wis. March 11, 2013) (awarding almost $800,000 in costs and "declin[ing] to depart from this court's practice" of awarding "all reasonable costs associated with electronic discovery as part of 'fees for exemplification and the costs of making copies' within the meaning of 28 U.S.C. § 1920(4)") Chief Judge Conley has taken a slightly different view, holding that taxable costs for electronic discovery can only include "costs for Bates stamping, shipping and delivery of electronic documents, native file and e-mail conversion, and TIFF image creation and conversion." *Split Pivot, Inc. v. Trek Bicycle Corp.*, No. 12-cv-639, 2015 U.S. Dist. LEXIS 173563, *27-*28, *28 n.10 (W.D. Wis. Dec. 31, 2015).

4

Kolbe respectfully asserts that Judge Crabb's view is the better approach, particularly in a case such as this where the plaintiffs made the choice to wage a massive electronic document discovery campaign that forced Kolbe to incur tremendous costs. This is precisely the kind of situation that Judge Crabb concluded warrants taxation of *all* costs "incurred in that endeavor." *Flambeau Mining Co.*, 2014 U.S. Dist. LEXIS 105273, *4-*5 (holding it "reasonable" to award defendant all costs for vendor's "electronic discovery-related services" where plaintiff's discovery requests sought "20 years of information," making it "reasonable, if not essential, for defendant to employ [a] . . . third-party forensic expert to extract the information").

However, the majority of the costs sought by Kolbe are taxable under either view. Of the $99,062.43 total, $62,040.35 is taxable under Chief Judge Conley's more restrictive view. This consists of the following:

- $20,286.25 incurred for the collection of electronic documents by Kolbe's outside vendor, Elijah. This includes $15,015.00 for imaging the hard drives of the individual computers used by 77 Kolbe employees (at the demand of the plaintiffs) at a cost of $195 per hard drive, and $400.00 for the purchase of two new hard drives ($200 apiece) to which the documents ultimately produced were copied in connection with Kolbe's July and August 2015 productions. The remaining $4,871.25 consists of costs for collecting other electronic documents and copying them onto hard drives (including the purchase of additional hard drives, again at $200 apiece) to ship to another vendor for processing. *See CBT Flint Partners, LLC v. Return Path, Inc.*, 737 F.3d 1320, 1329-30 (Fed. Cir. 2013); *Colosi v. Jones Lang LaSalle Americas, Inc.*, 781 F.3d 293, 297 (6th Cir. 2015); *Split Pivot*, 2015 U.S. Dist. LEXIS 173563 at *27-*28 (endorsing and applying this aspect of *CBT* and *Colosi*). The Elijah invoices and other documentation reflecting and supporting these amounts are provided in Exhibit 7 to the bill of costs, with the relevant line items highlighted.

- $39,715.15 of processing costs incurred for converting native files, with their metadata intact, into searchable files that could be produced to the plaintiffs in the .pdf format that they demanded. This work was primarily performed by Kolbe's outside vendor, Advanced Discovery Inc., at a cost of $170 per gigabyte for approximately 232 gigabytes of data. Foley & Lardner performed a small portion of these electronic document conversions, for which it too charged $170 per gigabyte, amounting to $721.82. These costs for processing−the electronic equivalent of copying−are taxable. *Split Pivot*, 2015 U.S. Dist. LEXIS 173563, *28. *See also Hecker v. Deere & Co.*, 556 F.3d 575, 591 (7th Cir. 2009) (costs for "converting computer data into a readable format" recoverable as

5

copy costs under section 1920(4)); *Flambeau Mining Co*, 2014 U.S. Dist. LEXIS 105273, *5 (citing *Hecker*). Documentation of these amounts is provided in Exhibit 8 to the bill of costs, with the relevant line items highlighted.

- $1,317.13 for the shipping and delivery of hard drives and other media containing the requested files. *See Split Pivot,* 2015 U.S. Dist. LEXIS 173563, *28 and n.10. Documentation of these costs is provided in Exhibit 9 to the bill of costs.

The remaining $37,022.08 is additional amounts charged by Elijah and Advanced Discovery as part of the efforts to respond to the plaintiffs' demands to look under every last stone for potentially responsive documents. As part of its work to devise and carry out searches of Kolbe's multiple different electronic platforms, Elijah engaged in numerous communications with Kolbe, Foley & Lardner, and even the plaintiffs' attorneys to investigate search strategies, report its findings and recommendations, and come up with plans for converting the original source documents to production sets in a manner consistent with the plaintiffs' demands. Elijah charged hourly rates for this work, totaling $28,390.75 in addition to the per-custodian collection costs described above. Additionally, Advanced Discovery performed further filtering on the data Elijah collected at a rate of $35 per gigabyte, totaling $7,656.33, and charged for employee technical time, totaling $975.00. Documentation and invoices from those two companies reflecting this work are provided in Exhibit 10 to the bill of costs, with the relevant line items highlighted.

4. All Costs Should Be Taxed Jointly And Severally

The costs should be taxed against the plaintiffs jointly and severally. "[T]he presumptive rule is joint and several liability unless it is clear that one or more of the losing parties is responsible for a disproportionate share of the costs." *Anderson v. Griffin*, 397 F.3d 515, 522-23 (7th Cir. 2005). In this case, there is no reason to believe that any one of the losing plaintiffs is more responsible for Kolbe's costs than the others. The plaintiffs alleged the same claims

against Kolbe, served joint discovery requests, and were represented throughout the case by common counsel. They should therefore be held jointly and severally liable for Kolbe's costs.

Dated this 20th day of July, 2016.

/s/ *Matthew D. Lee*
Gordon Davenport III (WI Bar No. 1013931)
Matthew D. Lee (WI Bar No. 1061375)
Krista J. Sterken (WI Bar No. 1081419)
Megan R. Stelljes (WI Bar No. 1092714)
**FOLEY & LARDNER LLP**
150 East Gilman Street
Madison, WI 53703-1482
Post Office Box 1497
Madison, WI 53701-1497
608.257.5035 Phone
608.258.4258 Facsimile
Email: gdavenport@foley.com
mdlee@foley.com
ksterken@foley.com
mstelljes@foley.com

*Attorneys for Defendant*
*Kolbe & Kolbe Millwork Co., Inc.*