UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| MARY HALEY et al.,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>KOLBE & KOLBE MILLWORK CO., INC.,<br><br>　　　　　Defendant. | Case Number: 14-cv-99<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' BILL OF COSTS** |

　　　　Plaintiffs hereby submit this opposition to Defendant's Bill of Costs, filed July 20, 2016 (Docket Nos. 557 and 558.) ("Bill of Costs"). Defendant has presented the Court with a Bill of Costs which seeks to recover over $143,000 in purported costs from Plaintiffs which includes costs associated to redo tasks, travel expenses flowing from the decision to retain an out-of-state vendor, and expenses related to a rolling document production where a substantial amount of documents were produced after the discovery cut off. Because Plaintiffs intend to appeal the Court's findings in this case, the Court should stay determination, taxation and payments of costs until resolution of the appeal. This will conserve resources for all parties and the Court. Should the Court consider Defendant's Bill of Costs prior to resolution of the upcoming appeal, Defendant's Bill of Costs should be denied for the reasons set forth below.

## LEGAL STANDARD

　　　　A district court may not award costs under Fed. R. Civ. P. 54(d) that are not authorized by statute. *See Crawford Fitting Co. v. J. T. Gibbons. Inc.,* 482 U.S. 437 (1987). Further, items proposed by prevailing parties as costs under Rule 54(d) should always be given careful scrutiny. *Liquid Dynamics Corp. v. Vaughan Co., Inc.,* No. 01 C 6934, 2002 WL 31207212, at *1 (N.D.

506369.1

III. Oct. 2, 2002) (citing *Farmer v. Arabian Am. Oil Co.,* 379 U.S. 227, 235 (1964)). In evaluating a Bill of Costs, the Court must determine whether the expenses are allowable under §1920, and whether the expenses are reasonable in amount and necessity to the litigation. *Liquid Dynamics CorP.,* 2002 WL 31207212, at *1 (citing *Deimer v. Cincinnati Sub-Zero Pdts., Inc.,* 58 F.3d 341, 345 (7th Cir. 1995).

## ARGUMENT

I. **ANY DECISION ON TAXATION OF COSTS SHOULD BE STAYED PENDING PLAINTIFFS' UPCOMING APPEAL**

The Court has discretion to address ancillary questions such as costs while merits of a case are on appeal (*Kusay v. U.S.,* 62 F.3d 192, 194 (7th Cir. 1995); *Swalley v. Addressograph-Multigraph Corp.,* 168 F.2d 585, 587 (7th Cir. 1948)). However, it also has discretion to stay any determination on the Bill of Costs pending the appeal. *Zimmerman v. R & S Trucking*, No. 4:05-cv-0031-DFH-WGH, 2006 WL 3360537, at *1-2 (S.D. Ind. Nov. 16, 2006) (noting the Court's discretion to stay consideration of costs pending appeal). Plaintiffs have stated their intent to appeal the judgment in this case. Here, a stay promotes judicial economy because Plaintiffs may succeed on the appeal (whether on all or some claims) and, therefore, be entitled to taxed costs as a prevailing party in whole or in part. *KiSKA Const. Corp.-USA v. Washington Metro. Area Transit Auth.*, No. CIV.A.97-2677 CKK/JM, 2002 WL 393082, at *1 (D.D.C. Mar. 11, 2002) ("[R]esolution of the complicated legal issues the parties raise will be a wasteful, academic exercise if defendant fails to prevail on appeal. The interest in judicial efficiency and the absence of any prejudice to defendant compel me to recommend that this court exercise its discretion to await the resolution of the appeal before costs are taxed."); *Estate of Pidcock v. Sunny land Am., Inc.,* 726 F. Supp. 1322, 1341 (S.D. Ga. 1989) (*citing Farmer v. Arabian Oil Co.,* 379 U.S. 227 (1964)); *How v. City of Baxter Springs, KS*, No. 04-2256 JWL, 2006 WL

1128667, at *1 (D. Kan. Apr. 26, 2006), *aff'd sub nom. How v. City of Baxter Springs, KS.,* 217 F. App'x 787 (10th Cir. 2007). Therefore, it is prudent for this Court to not decide this matter until such time as the appeal is decided.[1]

## II. DEFENDANT'S BILL OF COST SHOULD BE DENIED

### a. Defendant's Request For E-Discovery Costs Should Be Denied

Defendant seeks over $99,000 in costs related to copies of electronic documents. This request should be denied in it's entirely as addressed below.

This Court should deny all costs incurred with e-discovery based on Defendant's decision to conduct discovery searches and production in an inefficient manner and delay production of critical documents to Plaintiffs' prejudice. This is proper since costs can be denied when the costs incurred are unnecessary. Wright, Miller & Kane, *Federal Practice and Procedure: Civil 3rd §* 2668 and cases cited at note 18; 10 *Moore's Federal Practice 3d §* 54.101[1][b] and cases cited at note 24 and § 54.103[3]; *McIlveen v. Stone Container,* 910 F.2d 1581, 1583-84 (7th Cir. 1990) (district court did not abuse its discretion in denying costs that were found to be unnecessary). Plaintiffs and Defendant engaged in a numerous meet and confer efforts on e-discovery issues that show Defendant incurred unnecessary costs. For example, Defendant failed to save its searches, causing it to unnecessarily incur repeated charges on searches. Declaration of Susana Cruz Hodge ("Cuz Hodge Dec.) at ¶¶5-7 (Docket No. 304). Likewise, Defendant

---

[1] In the alternative, if this Court decides to rule on the Bill of Costs and orders that Plaintiffs pay any amount, Plaintiffs request that the Court stay payment pending the appeal. *In re Text Messaging Antitrust Litig.,* No. 08 C 7082, 2014 WL 4343286, at *1 (N.D. Ill. Sept. 2, 2014) ("The Court will, however, stay payment of the award of costs until the conclusion of plaintiffs' appeal."); *Allen v. City of Chicago*, No. 10 C 3183, 2016 WL 1070828, at *11 (N.D. Ill. Mar. 16, 2016) (same). It is neither fair nor just for the Plaintiffs have individual judgments entered against them while an appeal is pending and Defendant has no basis to state that the delay in any way jeopardizes its ability to be paid.

unilaterally limited the ESI when it performed initial searches resulting in duplicative costs again and hindering Plaintiff's ability to work with Defendant on efficiently reducing e-discovery related costs. *Id.* at 7-16. As such, all search related costs should be denied as unreasonable and unnecessary.

Additionally, all costs can be denied for dilatory action on the part of the prevailing party, such as delay tactics. *Fairley v. Andrews,* No. 03 C 5207, 2008 WL 961592, at *3 (N.D. Ill. Apr. 8, 2008) ("Accordingly, the Court will deduct 64% of the costs-after determining whether the costs Defendants seek are recoverable."). *In re Paoli R.R. Yard PCB Litigation,* 221 F.3d 449 (3rd Cir. 2000) (costs can be refused if the prevailing party engaged in dilatory tactics); *Chicago Sugar v. American Sugar,* 176 F.2d 1 (7th Cir. 1949) (denial of costs is in the nature of the penalty for some defect on prevailing party's part in the course of the litigation, such as the calling of unnecessary witnesses, the bringing in of unnecessary issues, or otherwise encumbering the record, or delaying in raising an objection fatal to the plaintiffs' case); *Davy v. Faucher,* 84 F.Supp. 737 (N.D. Fla. 1949) (where defendant did not challenge the court's jurisdiction with the result that substantial costs were incurred, the order dismissing the action for want of jurisdiction directed that a judgment would be entered taxing costs against defendant). Here, Defendant engaged in improper discovery tactics that prejudiced Plaintiffs and their ability to litigate this case. First, and as discussed above, Defendant did not save the initial ESI search while also failing to search all relevant ESI, and then unilaterally limited its searches to email. Cruz Hodge Dec. at ¶¶6-9. Second, as addressed in previous filings in this case, Defendant failed to timely produce relevant information so that it was available to Plaintiffs in a timely manner for dispositive motions and depositions, including producing additional an 129,824 pages of documents after the close of discovery and filing of the class certification

motion. *Id.* at ¶¶10-20. In the end, Defendant chose to play games during the discovery process by (1) failing to save previous searches and timely perform searches (Cruz Hodge Dec. at ¶¶6-8); (2) not producing any ESI until March 2015 and only six days before the opposition to the motion for summary judgment was due (*Id.* at ¶9); (3) failing to disclose critical subfolders that were never searched until April 2015 (*Id.* at ¶¶12-13); (4) producing hundreds of unresponsive and irrelevant documents (*Id.* at ¶23-26; Docket Nos. 304-12-16); and (5) delaying production of various witnesses' custodian files until days before their scheduled depositions (*Id.* at ¶¶15-16). (For a more detailed statement on all improper tactics used by Defendant please see Docket Nos. 303 and 304). As such, based on Kolbe's dilatory tactics in connection with discovery, the Court should refuse to award any e-discovery costs to Defendant.

### b. Defendant's Request Includes Significant Unrecoverable Costs

In the alternative, this Court should significantly cut the costs requested by Defendant to those incurred with Bates stamping, shipping and delivery of electronic documents—native file and email conversion—and TIFF image creation and conversion. Defendant seeks taxation for unrecoverable costs, including travel and hotel accommodations for an out of state third-party vendor, on-site meetings and telephone conferences. Indeed, as Defendant concedes, the Chief Judge in this District has held that various types of e-discovery costs sought by Defendant here are not recoverable. *Split Pivot, Inc. v. Trek Bicycle Corp.,* 154 F. Supp. 3d 769 (W.D. Wis. 2015) (" Since this court's decision in *Novozymes,* most district courts and *all* circuit courts have moved in the direction of interpreting narrowly the meaning of "making copies" in § 1920(4) in the context of electronic discovery…Accordingly, the court will reduce the e-discovery costs awarded by the clerk to include only costs for Bates stamping, shipping and delivery of electronic documents, native file and email conversion, and TIFF image creation and

506369.1                                    5

conversion."). In fact, this is the common practice in the Seventh Circuit. *See CSP Techs., Inc. v. Sud-Chemie AG,* No. 4:11-CV-00029-RLY, 2015 WL 2405528, at *3 (S.D. Ind. May 20, 2015) ("A majority of district courts from this circuit follow the reasoning of *Race Tires* and *Country Vitner* "to deny recovery of the costs of services—such as data loading, data processing, de-duplication, and culling—used in preparing ESI for conversion into a readable format."). The decision relied on by Defendant from this Court not only predates *Split Pivot*, but also fails to provide a detailed analysis like the *Split Pivot, Inc.* court as to why only certain e-discovery costs are recoverable. *See Wis. Res. Prot. Council v. Flambeau Min. Co.,* No. 11-CV-45-BBC, 2014 WL 3810884, at *2 (W.D. Wis. Aug. 1, 2014). As such, this Court should, at the minimum, reduce the e-discovery costs to only reflect Bates stamping, shipping and delivery of electronic documents, native file and email conversion, and TIFF image creation and conversion.

### c. The Request for Costs Resulting From Numerous Deposition Transcripts should Be Denied As Seeking Impermissible Costs

Defendant seeks $40,543.05 in costs in connection with depositions. This includes stenographic transcripts and video recordings of depositions. As to the stenographic transcripts, without providing adequate invoices reflecting these items, the Court cannot determine whether such costs are reasonable. *See, e.g., XCO Int'l Inc. v. Pac. Scientific Co.,* No. 01 C 6851, 2003 WL 2006595, at *8-10 (N.D. Ill. Apr. 29, 2003) (finding deposition invoices insufficient where they did not itemize number of pages, rate, and court reporter fees). Moreover, where an award of deposition costs is appropriate, Defendant may not recover more than the per page rate established by the Judicial Conference. *Cengr v. Fusibond Piping Systems, Inc.,* 135 F.3d 445, 456 (7th Cir. 1998); *see also Frazier v. Layne Christensen Co.,* No. 04-C-0315-C, 2007 WL 1453133, at *3 (W.D. Wis. Feb. 22, 2007) ("I am not persuaded that in this case it was improper for the clerk of court to limit defendants to Judicial Conference rates for reimbursement for the

costs of deposition and trial transcripts."). Finally, the Seventh Circuit recognizes that "the prevailing party may recover costs for both video-recording and stenographic transcription of a deposition, so long as the transcripts were "'*necessarily obtained for use in the case*.'" *Split Pivot, Inc. v. Trek Bicycle Corp.,* No. 12-CV-639-WMC, 2015 WL 9593630, at *3 (W.D. Wis. Dec. 31, 2015) (emphasis added); *Sembos v. Philips Components,* No. 00 C 4651, 2003 WL 22533579, at *1 (N.D. Ill. Nov. 6, 2003) ("As for the cost of videotaping depositions, it is permissible to tax the cost of both the transcript and the videotaping if they are both "necessary and reasonable." [] Because the deponent here is a citizen of England, this Court finds that it was both necessary and reasonable to have his deposition videotaped.).

Defendant has submitted invoices and supporting memorandum that do not allow Plaintiffs or this Court to determine whether the requested costs are proper. First, many invoices fail to state the incurred charge per page for the transcript or the total number of pages included in the charge. As such, it is unknown whether the invoice properly reflects the Judicial Conference rates for reimbursement. For instance, invoices from Madison Freelance Reporters, LLC simply list "O+1" for description of services – there is no inclusion of number of pages, charge per page or even what "O+1" means. (Ex. 2, Docket No. 557-3). Similarly, other invoices, including from David Feldman Worldwide, Inc. and Stewart Richardson, omit *any* information as to the charge per page or the total number of pages billed. (*Id.*).

Moreover, included in $40,543.05 in costs are charges related to expedited delivery, rough ASCIIs, e-transcripts and interactive real-time and video recordings but the invoices and supporting memorandum do not disclose sufficient information to determine whether these costs were merely for the convenience of the Defendant or for the purpose of presenting evidence to the Court. *See Dekalb Genetics Corp. v. Pioneer Hi-Bred Int'l,* Inc., No. 96 C 50240, 96 C

50113, 2002 WL 1969666, at *3 (N.D. Ill. Aug. 26, 2002). As this Court has recognized, such costs *may be proper* when necessary to meet the Court's schedule or otherwise necessary for the case. *Split Pivot, Inc. v. Trek Bicycle Corp.,* No. 12-CV-639-WMC, 2015 WL 9593630, at *4 (W.D. Wis. Dec. 31, 2015); *see also Wisconsin Res. Prot. Council v. Flambeau Min. Co.,* No. 11-CV-45-BBC, 2014 WL 3810884, at *1 (W.D. Wis. Aug. 1, 2014)("However, I agree with plaintiffs that defendant should not be reimbursed for its Realtime deposition transcripts or for the extra cost of obtaining a 14–day trial transcript."). Defendant, however, is silent as to why any expedited or rough transcript was needed. Likewise, Defendant has failed to even put forth any reason why it concluded it was necessary to provide real-time feed or videotape depositions of various witnesses. Accordingly, the Court should deny Defendant's deposition costs as it has failed to provide sufficient support, including documentation, to substantiate such costs.

    d. **Defendant's Photocopy Costs Must Be Denied Because the Invoices Lack Specificity**

Pursuant to 28 U.S.C. § 1920(4), a court may tax as costs "fees for exemplification and copies of papers necessarily obtained for use in the case." "[I]t is defendants' burden to show that the number of copies it made was not excessive." *Thermal Design, Inc. v. Indoor Courts of Am., Inc.,* 2004 WL 1638180, *4 (W.D.Wis. 2004). "Two copies of every document filed with the court or provided to opposing counsel makes sense…Five or six copies of everything for the apparent convenience of a platoon of lawyers at a large defense firm is harder to justify as the sort of outlay that may be shifted to one's adversary." *Kulumani v. Blue Cross Blue Shield Ass'n,* 224 F.3d 681, 685 (7th Cir. 2000). "The party seeking costs must provide sufficient information for the court to determine the necessity and reasonableness of the costs sought. Copying charges that are not discernable from the supporting documentation are not allowed." *Nilssen v. Osram Sylvania, Inc.,* 2007 WL 257711, *6 (N.D. Ill. 2007) (finding monthly charges for copying and

general description did not provide sufficient information for the court to determine the necessity and reasonableness of the charges). This rule applies to in-house copies. *Sprentall,* 2008 WL 516360.

Defendant has not shown that the $2,246.80 for in-house copies it made was necessary for use in the case, nor has it sufficiently itemized the copying charge. Instead, Defendant has simply submitted a list of charges for copying that omits any description of the copies made. (Ex. 5, Docket No. 557-6). This list is far too general to confirm that the copies made during these periods were necessary for use in the case and not excessive. In fact, there is not a single description of what documents were copied or whether they included multiple copies or just one. For example, in November 2014, Attorney Davenport billed 728 pages to this matter without mention of what document was copied and if this included numerous copies for various individuals or not. *(Id.)* Defendant's failure to provide any supporting detail cannot be excused simply because the number of pages printed and copied by their lawyers was captured by electronic counters. These counters do not provide any means to determine whether the documents were for attorney convenience or necessary to the litigation – the relevant inquiry here. A party seeking over $2,000 in costs in a case where documents were electronically produced, is required to meet its burden of showing, at minimum, what was copied. *See Top Tobacco, L.P. v. N. Atl. Operating Co.,* No. 06 C 950, 2007 WL 1149220, at *9-10 (N.D. Ill. Apr. 17, 2007).[2] In sum, merely describing the copy job by the number of pages instead of what document was copied and how many copies were made does not meet Defendant's burden in

---

[2] This analysis applies equally to the third-party vendor charges as it is unclear why Kolbe could not avoid the excessive charges and print the files in-house and how many actual copies of the documents were made by a third-party vendor.

506369.1 9

showing the copies were reasonable and necessary for use in this case. *Nilssen,* 2007 WL 257711.

## CONCLUSION

For the reasons stated herein, this Court should not entertain Defendant's Bill of Costs until completion of the appeal. If the Court does decide the matter, Defendant's Bill of Costs should be denied, or substantially reduced, because it includes expenses that are unrecoverable costs and the invoices provided lack the specificity required to determine the reasonableness and necessity of asserted costs.

Dated: August 1, 2016　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　s/ Robert K. Shelquist
　　　　　　　　　　　　　　　　　　　　　　Robert K. Shelquist
　　　　　　　　　　　　　　　　　　　　　　Rebecca A. Peterson
　　　　　　　　　　　　　　　　　　　　　　LOCKRIDGE GRINDAL NAUEN PLLP
　　　　　　　　　　　　　　　　　　　　　　100 Washington Avenue South, Suite 2200
　　　　　　　　　　　　　　　　　　　　　　Minneapolis, MN 55401
　　　　　　　　　　　　　　　　　　　　　　Telephone: 612-339-6900
　　　　　　　　　　　　　　　　　　　　　　Facsimile: 612-339-0981
　　　　　　　　　　　　　　　　　　　　　　rkshelquist@locklaw.com
　　　　　　　　　　　　　　　　　　　　　　rapeterson@locklaw.com

　　　　　　　　　　　　　　　　　　　　　　Dixon R. Gahnz (Bar No. 1024367)
　　　　　　　　　　　　　　　　　　　　　　James A. Olson (Bar No. 1009442)
　　　　　　　　　　　　　　　　　　　　　　LAWTON & CATES, S.C.
　　　　　　　　　　　　　　　　　　　　　　345 West Washington Avenue, Suite 201
　　　　　　　　　　　　　　　　　　　　　　P.O. Box 2965
　　　　　　　　　　　　　　　　　　　　　　Madison, Wisconsin 53703
　　　　　　　　　　　　　　　　　　　　　　Phone: (608) 282-6200
　　　　　　　　　　　　　　　　　　　　　　Fax: (608) 282-6252
　　　　　　　　　　　　　　　　　　　　　　DGahnz@lawtoncates.com
　　　　　　　　　　　　　　　　　　　　　　jolson@lawtoncates.com

Michael McShane
AUDET & PARTNERS, LLP
711 Van Ness Ave., Suite 500
San Francisco, CA 94102
Telephone: 415-568-2555
Facsimile: 415-568-2556
mmcshane@audetlaw.com

Joseph J. DePalma
Susana Cruz Hodge
LITE DEPALMA GREENBERG, LLC
570 Broad Street, Suite 1201
Newark, NJ 07102
Telephone: 973-623-3000
Facsimile: 973-623-0211
jdepalma@litedepalma.com
scruzhodge@litedepalma.com

Charles J. LaDuca
CUNEO GILBERT & LADUCA, LLP
8120 Woodmont Avenue
Suite 810
Bethesda, MD 20814
Telephone: 202-789-3960
Facsimile: 202-789-1813
charles@cuneolaw.com

Charles E. Schaffer
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106-3697
Telephone: 215-592-1500
Facsimile: 215-592-4663
cschaffer@lfsblaw.com

*Attorneys for Plaintiffs*