IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MARY HALEY and MICHAEL HALEY,
LESLIE BANKS and JAMES HAL BANKS,
ANNIE BUINEWICZ and BRIAN BUINEWICZ,
TERRANCE McIVER AND JEAN ANN McIVER,
SUSAN SENYK, CHRISTIAN SENYK,
GARY SAMUELS, PATRICIA GROOME,
MATTHEW DELLER, RENEE DELLER
and MARIE LOHR, on behalf of themselves and
all others similarly situated,

                                                                               OPINION and ORDER

                Plaintiff,

                                                                              14-cv-99-bbc

     v.

KOLBE & KOLBE MILLWORK CO., INC.,

                Defendant,

     and

FIREMAN'S FUND INSURANCE COMPANY
and UNITED STATES FIRE INSURANCE COMPANY,

                Intervenor Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

     Owners of windows made by defendant Kolbe & Kolbe Millwork Co, Inc. brought this proposed class action in which they challenged the quality of the windows that they purchased. In orders dated March 25, 2016, and June 7, 2016, I denied plaintiffs' motion for class certification and concluded that defendant was entitled to summary judgment on

1

the claims of the individual plaintiffs. Dkt. ## 524 and 544.

The only remaining dispute relates to defendant's insurance coverage and specifically, United States Fire Insurance Company's contention that it should be relieved of its duty to defend. Although I denied United States Fire's and Fireman's Fund Insurance Company's earlier motions for summary judgment on the same issue in an order dated November 2, 2015, dkt. #376, United States Fire says that the relevant law and facts have changed since then. (Fireman's Fund has not joined United States Fire's motion or filed its own.) After I ruled in favor of defendant on the merits of plaintiffs' claims, I directed both United States Fire and defendant to tell the court whether they believed the issue of insurance coverage was moot. Dkt. #544. Because the parties agree that the motion would not be moot if plaintiffs file an appeal and plaintiffs have appealed the judgment, dkt. #562, I will consider the merits of United States Fire's renewed motion for summary judgment. (Although United States Fire did not seek leave of court to file a second summary judgment motion, as required by the Preliminary Pretrial Conference Order, dkt. #29, at 2, defendant has not objected to the motion, so I will consider it.)

Having reviewed the parties' briefs, I am persuaded that the Wisconsin Supreme Court's recent decision in <u>Wisconsin Pharmacal Co., LLC v. Nebraska Cultures of California, Inc.</u>, 2016 WI 14, 367 Wis. 2d 221, 876 N.W.2d 72, a case decided after this court's original summary judgment opinion, relieves United States Fire of its duty to defend in this case. Accordingly, I am granting its renewed motion for summary judgment.

Also before the court is United States Fire's motion for leave to file supplemental

authority in support of its renewed motion for summary judgment. Dkt. #552. In particular, United States Fire says that Marks v. Houston Casualty Co., 2016 WI 53 (June 30, 2016) provides additional support for its argument that its duty to defend has been extinguished. Because I do not need to consider Marks, I am denying this motion as unnecessary.

OPINION

The policy in dispute provides coverage for "property damage" that is caused by an "occurrence." The policy defines "property damage" as follows:

> a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or
>
> b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

In addition, the policy has an exclusion for "property damage to your product arising out of it or any part of it." Dkt. #84-2.

In their complaint, plaintiffs sought four types of damages: (1) damage to the windows themselves and the cost of replacing them; (2) damages caused during the replacement of windows (which the parties refer to as "get to" and "rip and tear" costs); (3) consequential damages to plaintiffs' homes such as stained walls and buckled plaster caused by problems such as leaking windows; and (4) diminution in home value. In the November 15, 2015 order, I agreed with United States Fire that the exclusion for "damage to your product" applied to plaintiffs' claims for damage to the windows themselves, the cost of

replacing them and damages caused during the replacement of windows. However, I concluded that United States Fire had failed to show that damage to plaintiffs' homes was excluded from coverage. Because an insurer has a duty to defend so long as there is potential coverage on any of the plaintiffs' claims, Fireman's Fund Insurance Co. v. Bradley Corp., 2003 WI 33, ¶ 21, 261 Wis. 2d 4, 660 N.W.2d 666, I denied United States Fire's motion for summary judgment. I did not need to consider whether diminution in home value is covered by the policy.

In its renewed motion for summary judgment, United States Fire relies on two new developments that have occurred since I denied its motion for summary judgment. First, United States Fire says that a new case, Wisconsin Pharmacal Co., LLC v. Nebraska Cultures of California, Inc., 2016 WI 14, 367 Wis. 2d 221, 876 N.W.2d 72, requires the conclusion that its policy does not provide coverage for damage to plaintiffs' homes. Second, United States Fire says that, even if the policy does provide such coverage, my decision to preclude one of plaintiffs' experts from testifying requires the conclusion that plaintiffs could not recover that type of damages. Because I agree with United States Fire's first argument, I need not consider the second.

With respect to Wisconsin Pharmacal, United States Fire argues that the case made it clear that the "integrated systems rule" applies to the interpretation of insurance policies and that, if the rule is applied in this case, the policy at issue does not provide coverage for any damage to plaintiffs' homes caused by defendant's windows. Dkt. #532 at 11. The "integrated system rule" comes from the economic loss doctrine, which limits a plaintiff's

right to use tort theories to recover damages for a defective product. Digicorp, Inc. v. Ameritech Corp., 2003 WI 54, ¶ 35, 262 Wis. 2d 32, 662 N.W.2d 652. Although courts have provided several reasons for precluding tort recovery in that situation, those reasons essentially can be reduced to one: allowing a dissatisfied purchaser to recover under tort for a defective product would undermine contract law because it would permit buyers to obtain more than they bargained for. Sunnyslope Grading, Inc. v. Miller, Bradford and Risberg, Inc., 148 Wis.2d 910, 916, 437 N.W.2d 213, 215 (1989).

The economic loss doctrine does not limit claims for damages caused by a defective product to property other than the product itself, Northridge Co. v. W.R. Grace & Co., 162 Wis.2d 918, 925-26, 471 N.W.2d 179, 181 (1991), so one dispute that can arise in cases about defective products is whether the plaintiff is trying to recover damages for the product itself or for "other property." This is where the integrated systems rule comes in. Under that rule, the economic loss doctrine applies to "[d]amage by a defective component of an integrated system to either the system as a whole or other system components." Wausau Tile, Inc. v. County Concrete Corp., 226 Wis. 2d 235, 249, 593 N.W.2d 445, 452 (1999). In other words, damage to any part of an "integrated system" is treated as damage to the product itself rather than to "other property."

In Wisconsin Pharmacal, the supreme court considered the extent to which the integrated systems rule should apply in the context of interpreting insurance policies. Like this case, Wisconsin Pharmacal involved an insurer's duty to defend under a commercial general liability policy. The policy at issue defined "property damage" in the same way that

5

United States Fire's policy does.

The Wisconsin Supreme Court began its analysis by stating that the meaning of "property damage" in the policy was limited to "damage to property other than to the product itself" or to "other property," Wisconsin Pharmacal, 2016 WI 14 at ¶ 25, even though the language of the policy did not include that limitation. (The court did not explain its reasoning for this interpretation, but its decision is nevertheless binding on this court. James Michael Leasing Co. LLC v. PACCAR, Inc., 772 F.3d 815, 820 (7th Cir. 2014) (in diversity case, federal court must follow law as it has been applied by state's highest court)).

After inserting the phrase "other property" into the policy, the court held that the meaning of the phrase should take on the same meaning in the context of insurance coverage as it does in the context of the economic loss doctrine, which meant that the integrated systems rule should apply to questions of insurance coverage. Id. at ¶¶ 27-33. In applying the integrated systems rule, the court held that a defective ingredient in a health supplement was part of an integrated system with the rest of the supplement. Id. at ¶ 34. In light of Wisconsin Pharmacal, United States Fire argues that the allegedly defective windows in this case are part of an integrated system with plaintiffs' homes, so damage to plaintiffs' homes caused by the windows does not qualify as "property damage" under United States Fire's policy.

Ingredients in a health supplement are more obviously part of an integrated system than are different parts of a house. However, United States Fire points to other cases decided by the Wisconsin Court of Appeals under the economic loss doctrine that have facts

more similar to this case. In Bay Breeze Condominium Association, Inc. v. Norco Windows, Inc., 2002 WI App 205, ¶ 27, 257 Wis. 2d 511, 651 N.W.2d 738, the court concluded that allegedly defective windows that came with a newly built condominium unit were part of an "integrated system" with "interior and exterior walls and casements," so the economic loss doctrine precluded the plaintiff from asserting tort claims against the window manufacturer for damage to the condominium caused by defective windows. Arguably, Bay Breeze is distinguishable because the windows in that case were sold and constructed at the same time as the rest of the condominium and by the same company, so the windows were part of one "finished product." Id. at ¶ 27. In this case, plaintiffs purchased their windows separately, generally as replacements, so there is a stronger argument that they were not part of one product.

However, Selzer v. Brunsell Brothers, 2002 WI App 232, ¶¶ 37-39, 257 Wis. 2d 809, 834–35, 652 N.W.2d 806, 818, is not so easily distinguished. In that case, the home owners bought their windows separately and directly from the manufacturer. Id. at ¶ 5. Although the court did not state whether the windows were replacements or part of a new home, the court's silence on the issue suggests that it did not consider that issue to have any importance, so I see no reason to consider the issue either.

Defendant does not argue that Bay Breeze and Selzer can be distinguished. Instead, defendant says, those cases should be ignored. In particular, defendant argues that there are two versions of the integrated systems rule, one that applies in cases under the economic loss doctrine and one that applies in insurance cases. However, there is no support for that

argument in Wisconsin Pharmacal. In fact, in concluding that the integrated systems rule should apply to insurance policies, the court relied on Wausau Tile, 226 Wis.2d 235, 593 N.W.2d 445, which was a case about the integrated systems rule under the economic loss doctrine. There is no suggestion in either the majority or dissenting opinions in Wisconsin Pharmacal that the court was modifying the rule in any respect for the purpose of adapting it to the insurance context.

Despite the lack of any indication in the supreme court's opinion that there are two different integrated systems rules, defendant says that its argument is supported by language in Wisconsin Pharmacal, 2016 WI 14 at ¶ 30, that the question under the integrated systems rule is whether the property at issue can be "separated from the finished product." Because a window can be separated physically from a house, defendant says, the integrated systems rule should not apply. However, the language defendant cites is found in both Wisconsin Pharmacal (an insurance case) *and* Wausau Tile, 226 Wis. 2d at 251 (an economic loss doctrine case), so that language cannot provide support to an argument that the application of the integrated systems rule is different in the insurance context from its application in economic loss doctrine cases. To the extent that defendant means to argue that Bay Breeze and Selzer (decided by the Wisconsin Court of Appeals) should not be followed because they are inconsistent with Wisconsin Pharmacal and Wausau Tile (decided by the Wisconsin Supreme Court), defendant has forfeited that potential argument by failing to develop it.

Because the language in United States Fire's policy is the same as the language at

8

issue in Wisconsin Pharmacal and defendant has not identified a persuasive reason for distinguishing Bay Breeze and Selzer or declining to follow them, I conclude that United States Fire's policy does not provide coverage for damage to plaintiffs' homes. This makes it unnecessary to address United States Fire's alternative argument that plaintiffs could not have recovered such damages in this case in light of this court's ruling that the opinions of plaintiffs' damages expert are inadmissible.

In the November 2, 2015 opinion, I did not decide whether United States Fire's policy would provide coverage for diminution in home value. However, defendant's argument for this category of damages is that diminished value is covered if it is caused by damage to the home. If damage to the home is not covered, it follows necessarily under defendant's own argument that diminished value is not covered either.

In sum, I have concluded that United States Fire's policy does not provide coverage for any of the alleged damages at issue in this case. Accordingly, I am granting United States Fire's renewed motion for summary judgment.

Although Fireman's Fund Insurance Company did not join United States Fire's renewed motion, both insurers' policies contain the same definition of "property damage." Accordingly, I see no reason not to grant summary judgment in favor of both insurers. Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec, 529 F.3d 371, 384-85 (7th Cir. 2008) ("[I]f a district court grants one defendant's motion for summary judgment, it may sua sponte enter summary judgment in favor of non-moving defendants if granting the motion would bar the claim against those non-moving defendants."); Acequia, Inc. v.

Prudential Insurance Co. of America, 226 F.3d 798, 807 (7th Cir. 2000) (sua sponte grant of summary judgment appropriate "where one defendant succeeds in winning summary judgment on a ground common to several defendants, if the plaintiff had an adequate opportunity to argue in opposition").

The remaining question is what the insurers' relief should be. In the complaints of both United States Fire and Fireman's Fund, the insurers' only claims were for declaratory judgments. Dkt. ##103 and 84-2. Although the insurers asked generally for "costs," that term has a precise and limited meaning in federal litigation. Taniguchi v. Kan Pacific Saipan, Ltd., 132 S. Ct. 1997, 2006 (2012) ("Taxable costs are a fraction of the nontaxable expenses borne by litigants for attorneys, experts, consultants, and investigators."). In particular, costs do not include attorney fees. Id. at 2001-02 (listing categories of "costs"). Even in United States Fire's renewed motion for summary judgment, it asked for a declaration only.

In its response to the court's June 7, 2016 order to show cause on mootness, dkt. #544, United States Fire argues for the first time that it is entitled to reimbursement for all of its expenses related to its defense of this case that it has incurred since the date of the Wisconsin Pharmacal decision (March 1, 2016). However, by failing to raise this issue sooner, the insurers have forfeited this issue. Although United States Fire asks for leave to amend its complaint (without actually filing a motion or a proposed amendment), it is far too late in the proceedings to grant such a request. Judgment has been entered on plaintiffs' claims and those claims are pending on appeal, so the issue of insurance coverage is the only

10

issue delaying resolution of this case in this court. It would be unfair to defendant to allow United States Fire and Fireman's Fund to start over with a new pleading now.

ORDER

IT IS ORDERED that

1. United States Fire Insurance Company's renewed motion for summary judgment, dkt. #531, is GRANTED. On the court's own motion, summary judgment is GRANTED to Fireman's Fund Insurance Company.

2. It is DECLARED that neither United States Fire nor Fireman's Fund has a duty to defend defendant Kolbe & Kolbe Millwork Co., Inc. in this case.

3. United States Fire's motion for leave to file supplemental authority, dkt. #552, is DENIED as moot.

4. United States Fire's motion for leave to amend its complaint is DENIED.

5. The clerk of court is directed to enter judgment in favor of United States Fire and Fireman's Fund on their claims and close this case.

Entered this 25th day of August, 2016.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge